IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AUDRY LANE, | § |
| Movant, | § § § |
| VS. | §  NO. 4:19-CV-004-O |
| | §  (NO. 4:16-CR-245-O) |
| UNITED STATES OF AMERICA, | § § |
| Respondent. | § § |

**OPINION AND ORDER**

Came on for consideration the motion of Audry Lane, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the government's response, the reply, the sur-reply, the record, including the record in the underlying criminal case, No. 4:16-CR-245-O, styled "*United States v. Chad Johnson, et al.*," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On October 12, 2016, movant was named along with others in a thirteen count indictment charging him in count one with conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), in count two with sex trafficking through force, fraud or coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1), in count three with sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2), and in count four with sex trafficking through force, fraud or coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2). CR Doc.[1] 57. Movant originally

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-245-O.

pleaded not guilty. CR Doc. 77. He later entered into a plea agreement pursuant to which he agreed to plead guilty to count one of the indictment. CR Doc. 111. The plea agreement stated that movant faced a term of imprisonment for a period of years up to life and a term of supervised release of up to five years. *Id.* at 2. The plea agreement further stated that movant understood that his sentence would be determined by the Court after consideration of the sentencing guidelines, which were not binding, but advisory only; that no one could predict movant's sentence; and, that movant would not be allowed to withdraw his plea if the sentence was higher than expected. *Id.* Movant and his attorney also signed a factual resume setting forth the maximum penalties he faced, the elements of the offense alleged in count one of the indictment, and the stipulated facts establishing that movant had committed the offense. CR Doc. 110. The final paragraph of the factual resume, under the heading "Stipulation of Facts," stated:

> This Factual Resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Audry Lane's guilty plea to Count One as set forth in the pending Indictment.

*Id.* at 4. On November 8, 2016, movant pleaded guilty. CR Doc. 121.

At the rearraignment hearing, movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone including his attorney as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; any discussion with his attorney concerning the guidelines would only be an estimate, not a promise, as to what the guidelines would be; the Court would not be bound by the stipulated facts and could take into account other facts; he committed the essential elements as set out in the factual resume; he had had sufficient time to discuss the case and the charges against him and the issue of punishment with his attorney and he was satisfied with his attorney's representation; he read the plea agreement and discussed

it with his attorney and received satisfactory explanations; he had no further questions regarding the plea agreement; he understood that he could receive a sentence of life imprisonment; he was waiving the right to appeal and to challenge his conviction and sentence in collateral proceedings, including under § 2255, except in certain instances; that no one had mentally, physically, or any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and that the stipulated facts in the factual resume were true and correct. CR Doc. 289 at 6–14. The Court found that the plea was knowing and voluntary. *Id.* at 16.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level with adjustments was 36. CR Doc. 180, ¶ 55. He received a four-level adjustment for being an organizer or leader. *Id.* ¶ 58. Because the conspiracy involved the trafficking of more than one minor, the trafficking of each child was treated as a "pseudo-count" under the guidelines. *Id.* ¶¶ 55–73. Based on a total offense level of 43 and a criminal history category of V, movant's guideline imprisonment range was life. *Id.* ¶ 145. Movant filed objections. CR Doc. 211. The government agreed with some of them. CR Doc. 214. The government also filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. CR Doc. 216. The probation officer prepared an addendum to the PSR, CR Doc. 218, and a second addendum after having met with movant and counsel. CR Doc. 247.

Movant's sentencing was conducted on March 27, 2017. CR Doc. 270. The Court granted movant a reduction for acceptance of responsibility and gave him a two-level, rather than a four-level, increase for being a leader or organizer. CR Doc. 297 at 5. The effect was to lower the guideline imprisonment range to 360 months to life. *Id.* The Court granted the government's motion for downward departure. *Id.* at 6. Movant was sentenced to a term of imprisonment of 280

months to be followed by a life term of supervised release. *Id.* at 13–14; CR Doc. 271. He appealed, CR Doc. 276, and his judgment was affirmed. *United States v. Lane*, 710 F. App'x 620 (5th Cir. 2018).

## II. GROUNDS OF THE MOTION

Movant sets forth four grounds in support of his motion, three based on ineffective assistance of counsel and the fourth based on "Grouping of Charges & Points." Doc.[2] 1 at 7–8. The Court interpreted movant's reply to raise a new ground of ineffective assistance based on the fourth ground originally asserted and to expand upon the other claims and ordered the government to file a sur-reply. Doc. 10.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Movant's first and second grounds of the motion are wholly conclusory, but appear to assert that he received ineffective assistance of counsel because he should only have been held accountable for the conduct alleged in count one of the indictment and he should not have received a two-level enhancement for use of a computer. Doc. 1 at 7. The record reflects that the probation officer properly determined movant's base offense level in accordance with the sentencing guidelines. The guideline for conspiracy offenses, U.S.S.G. § 2X1.1, directs that the base offense level for the conspiracy offense is the base level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Movant's factual resume specifically referenced the underlying substantive offenses of 18 U.S.C. § 1591(a) and (b)(2). CR Doc. 110 at 1. For the reasons explained in the PSR, movant's base offense level was 30. CR Doc. 180, ¶ 55. There is no support for movant's contention that it should have been 24. Doc. 1 at 7. The probation officer correctly applied the enhancements[3] and calculated movant's total offense level, as explained in the PSR. CR Doc. 180, ¶¶ 55–79. Any objection by movant's counsel would have been frivolous. He cannot have been ineffective in failing to raise a meritless argument. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

In his third ground, movant contends that his counsel should have argued against the imposition of a life term of supervised release. Doc. 1 at 7. At all times prior to sentencing, movant had been advised that he faced a maximum term of five years of supervised release. But, even though he was improperly admonished, movant must still show that his counsel's performance

---

[3] As explained, the offense involved use of a computer, so two levels were added pursuant to U.S.S.G. § 2G1.3(b)(3)(B). Movant admitted that he facilitated the placement of advertisement on commercial sex websites. CR Doc. 110 at 3, ¶ 4.

was objectively deficient and that he was prejudiced as a result. To do so in a case like this, movant must establish a reasonable probability that but for the error he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Alvarado-Casas*, 715 F.3d 945, 955 (5th Cir. 2013). Movant has not pointed to any record evidence to show that he was prepared and willing to go to trial. *Id.* at 954. That movant faced the possibility of life in prison makes it implausible that movant would have rejected a plea based on the possibility of receiving a life term of supervised release. *See United States v. Arlen*, 947 F.2d 139, 146 (5th Cir. 1991). Further, he would not have had the benefit of the reduction for acceptance of responsibility or the government's motion for downward departure had he insisted upon going to trial. His argument that he would not have pleaded guilty is wholly unsupported and unsupportable.

In his fourth ground, movant appears to assert a claim of guideline error, that the Court wrongly held him accountable for counts that were dismissed. Misapplication of the sentencing guidelines is not a matter that can be raised on collateral review.[4] *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Moreover, for the reasons discussed in the government's response, Doc. 6 at 9–10, the ground is without merit. And, in any event, movant waived the right to raise this ground. CR Doc. 111, ¶ 10.

Evidently recognizing the validity of the government's responses to the grounds of his motion, movant sought by his reply to make wholly new arguments, contending that the government had obviously misunderstood the grounds he had asserted. Doc. 9 at 1. He now contends that his counsel was ineffective "because he failed to pull the plea agreement as [movant]

---

[4] Movant apparently recognizes this to be the case, as he contends in his reply that the ground was really based on ineffective assistance of counsel. Doc. 9 at 1. Of course, the argument is basically the same as urged in ground one, that movant's attorney gave him bad advice.

requested." *Id.* He says there were three reasons for seeking to withdraw his plea: (1) counsel did not advise him that he could be enhanced on counts that were dropped or dismissed; (2) his plea was coerced by counsel; and (3) movant constantly advised his counsel that he did not understand the nature of the charges against him. *Id.* at 2. He also contends that counsel told him his exposure was capped at twenty years, *id.* at 3, and that he was under duress and that the government threatened him. *Id.* at 5, 9–10, 12.

The contention that movant's plea was not knowing and voluntary or was coerced is belied by the record. CR Doc. 289. Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions

that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.[5]

A defendant has no absolute right to withdraw a guilty plea prior to imposition of sentence. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). Rather, he must demonstrate "a fair and just reason" for withdrawing the plea. *United States v. McKnight*, 570 F.3d 641, 645–46 (5th Cir. 2009). In determining whether to allow withdrawal of a plea, the Court considers: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice by the withdrawal; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available at the time of the guilty plea; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343–44. Here, although movant offers many reasons for allegedly wanting to withdraw his plea, he does not proclaim his innocence. The government would have suffered prejudice and the Court would have been substantially inconvenienced by having to try the case long after the scheduled trial date. Movant had the assistance of counsel at all times and his plea was knowing and voluntary. A withdrawal of the plea would have substantially inconvenienced the Court and caused a waste of judicial resources. Movant has simply not shown that he would have been entitled to withdraw his plea.[6]

In sum, movant has not shown that he received ineffective assistance of counsel or that he was prejudiced in any way as a result of his counsel's conduct. Instead, the record reflects that

---

[5] The Court notes that movant's reply is not verified. Even had it been, the reply is not sufficient to entitle him to a hearing.

[6] The record reflects that movant did file a *pro se* motion to withdraw his plea, CR Doc. 208, which was stricken because he was represented by counsel. CR Doc. 210. The motion was based on movant's apparent misunderstanding of the sentencing guidelines and would not have supported the withdrawal of his plea. Movant did not pursue the matter further.

movant received a very favorable sentence given the very serious nature of the charges against him.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 5th day of January, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**